IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| LAWANDA JH-BEY TM, also known as, ANNETTE L. HOLLINS, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CV 119-176 ) |
| A. MICHELLE MOMODU; JONATHAN KASPER; DEPUTY MARSHAL FOR RICHMOND COUNTY; MCCALLA RAYMER LEIBERT PIERCE LLC; MIDFIRST BANK; AUGUSTA RICHMOND COUNTY; and CIVIL COURT OF RICHMOND COUNTY, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned case. Because Plaintiff's complaint was filed IFP, it must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Upon conducting an initial screening of Plaintiff's complaint, the Court ordered Plaintiff to amend her complaint within fourteen days to correct certain pleading deficiencies. (See doc. no. 9.) The Court cautioned Plaintiff that failing to submit a timely response would result in a presumption by the Court she desires to have this case voluntarily dismissed and would result in a recommendation for dismissal of this action, without prejudice. (Id. at 5.) The time to

respond has passed, and Plaintiff has not submitted an amended complaint as required by the Court's November 12, 2019 Order.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Plaintiff's failure to file an amended complaint, or even to provide the Court with an explanation for her failure to comply with the November 12th Order, amounts not only to a failure to prosecute, but also an abandonment of her case. This is precisely the type of neglect contemplated by the Local Rules. The Court cautioned Plaintiff that a failure to respond would be an election to have her case voluntarily dismissed. Furthermore, because

2

Plaintiff is proceeding IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

In sum, the time to respond has passed, and Plaintiff has not submitted an amended complaint as required by the Court's November 12th Order. Therefore, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 4th day of December, 2019, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA